USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/9/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STRIKE 3 HOLDINGS, LLC,                          :
                                                 :     **MEMORANDUM ORDER**
                              Plaintiff,          :
                                                 :     19-CV-5818 (AT) (JLC)
                  -v.-                            :
                                                 :
JOHN DOE, *subscriber assigned IP address*       :
*71.190.236.109*,                                :
                                                 :
                              Defendant.          :
-------------------------------------------------------------x

**JAMES L. COTT, United States Magistrate Judge.**

In this copyright infringement case, plaintiff Strike 3 Holdings, LLC moves *ex parte* for leave to serve a third-party subpoena on the internet service provider of defendant John Doe, pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure. Plaintiff seeks discovery prior to a Rule 26(f) conference in order to ascertain defendant's identity. For the reasons set forth below, plaintiff's motion is granted.

## I.      BACKGROUND

Strike 3 is the copyright owner of certain "adult motion pictures." Complaint ("Comp.") ¶ 2, Dkt. No. 1. It contends that defendant, through the BitTorrent file distribution network, illegally downloaded and distributed its copyrighted motion pictures. *Id.* ¶ 23. On June 20, 2019, Strike 3 filed a complaint against defendant, and, on June 21, 2019, this case was referred to me for general pre-trial supervision. Dkt. No. 6.

1

Strike 3 has identified defendant only through his (or her) IP address.  *Id.*
¶¶ 12, 24–26.  Therefore, on August 23, 2019, it moved for leave to serve a subpoena
on Verizon Fios (Dkt. No. 9), defendant's internet service provider ("ISP"), which "is
the only party with the information necessary to identify [d]efendant by correlating
the IP address with John Doe's identity."  Memorandum of Law ("Memo") at 1, Dkt.
No. 10.

## II.    DISCUSSION

### A.    Legal Standard

Under Rule 26(d)(1), a party "may not seek discovery from any source before
the parties have conferred as required by Rule 26(f), except . . . by court order."
Courts in such circumstances "apply a 'flexible standard of reasonableness and good
cause.'"  *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-12167 (AJN), 2019 WL 340712,
at *2 (S.D.N.Y. Jan. 24, 2019) (quoting *Digital Sin, Inc. v. John Does 1-176*, 279
F.R.D. 239, 241 (S.D.N.Y. 2012)).  The "principal factors" that courts consider when
deciding whether expedited discovery is appropriate include: "(1) the plaintiff's
ability to make out a *prima facie* showing of infringement, (2) the specificity of the
discovery request, (3) the absence of alternative means to obtaining the information
sought in the subpoena, (4) the need for the information sought in order to advance
the claim, and (5) the [d]efendant's expectation of privacy."  *Id.* (quoting *Arista
Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

Strike 3 has brought thousands of cases exactly like this one in courts around
the country over the last few years.  In the Southern District of New York alone, by

2

the Court's count, Strike 3 is a plaintiff in 327 cases as of the date of this Memorandum Order.  In the vast majority of them, courts (including this one) have granted motions just like the pending one.  I granted a similar motion in March of this year.  *See Strike 3 Holdings, LLC v. Doe*, No. 19-CV-1651 (AT) (JLC), 2019 WL 1211864 (S.D.N.Y. Mar. 15, 2019).

One court in this Circuit, however, recently denied such a motion and in doing so, questioned the utility of the factors articulated in *Arista*:

> While the *Arista* factors are relevant, their utility is limited for two reasons.  First, *Arista* itself acknowledged that the factors it quoted from an earlier decision were the "principal" ones, but not the only ones a court should consider in resolving a Rule 45 motion to quash. Second, and more fundamentally, the procedural posture of *Arista* differs from that of these cases in an important respect: in *Arista* the court considered only whether a subpoena that the plaintiff had already properly issued under Rule 26 (after securing judicial leave to conduct expedited discovery) should be quashed as unduly burdensome under Rule 45.  In making that decision, the circuit court had no occasion to review the propriety of the decision that the plaintiff had made the threshold showing of good cause to engage in expedited discovery; it considered only whether the plaintiff, in issuing the subpoena, had adhered to the standards of Rule 45.  The two inquiries are qualitatively different.  If my friend borrows my car, the standard I will apply in deciding whether to impose conditions on its use (i.e., is it unduly burdensome to make him pay for gas, to forbid passengers, or to require that he stop at a particular location?) will be wholly different from my analysis in deciding whether to let him get behind the wheel in the first place (i.e., is there good cause to believe he genuinely needs the car and can be trusted to drive it safely and return it promptly?).

*Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14, 17 (E.D.N.Y. 2019) (citation omitted).[1]

_____

[1] In granting leave to file the instant motion, the Court directed Strike 3 to address this decision as well as the decision of the District of the District of Columbia, *Strike*

3

Regardless of whether *Arista* should not be controlling by virtue of its procedural posture, the Court is not persuaded that the "utility [of the *Arista* factors] is limited." *Id.* Inquiries under Rule 26 and Rule 45 are different, but not wholly so: the same considerations are relevant in both situations. I will thus continue to rely on *Arista* for guidance unless and until the Second Circuit signals otherwise.

In addition, I am unpersuaded by the other concerns raised by the Eastern District court in determining whether good cause exists to grant an *ex parte* motion for expedited discovery. First, it is true that "[a]llowing expedited discovery in these circumstances creates a risk that Strike 3 will be in a position to effectively coerce the identified subscribers into paying thousands of dollars to settle claims that may or may not have merit." *Id.* at 18. "But Strike 3 should not be prevented from protecting its copyrighted material from infringement solely because it is *possible* to view its past litigation practices as problematic, particularly where there is no evidence suggesting that Strike 3 has acted in bad faith in any case in this district." *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-1152 (MPS), 2019 WL 3859514, at *2 (D. Conn. Aug. 16, 2019) (emphasis in original).

The Eastern District court was also troubled by "the risk that [Strike 3] will use the leverage it [] gains [from expedited discovery] against a mix of liable and innocent actors to discriminate against them on grounds other than those related to

---

*3 Holdings, LLC v. John Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018), both of which denied Strike 3's requests to serve expedited subpoenas on ISPs seeking identification of John Does. Dkt. No. 8.

4

the merits of the claims." *Strike 3 Holdings*, 331 F.R.D. at 18–19. But this concern is speculative, and the Court is not aware of evidence in other cases to suggest that such discrimination has in fact taken place. Moreover, Strike 3 is not selecting defendants from a random pool of internet users but rather is pursuing IP addresses that have been linked to the alleged infringement. *See* Declaration of Tobias Fieser dated June 13, 2019, ¶ 7, Dkt. No. 10-2. Strike 3, as the master of its complaint, is free to decide which wrongdoers to sue. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.") (quoting 16 J. Moore *et al.*, Moore's Federal Practice § 107.14[2][c] at 107–67 (3d ed. 2005)); *see also Strike 3 Holdings, LLC v. Doe*, No. 18-CV-1490 (EAW), 2019 WL 1529339, at *4 (W.D.N.Y. April 8, 2018) ("While the vast majority of Plaintiff's lawsuits do appear to end in voluntary dismissal after Plaintiff receives the Court's permission to serve a third-party subpoena on a defendant's ISP and before service, Plaintiff has an absolute right at that stage of the litigation to determine whether or not to proceed with its lawsuit.") (internal citations omitted).

In addition, the Eastern District court raised an issue about "the fact that in more than a third of the resolved cases (50 out of 143), Strike 3 could not satisfy itself that the named defendant was actually the alleged infringer . . . ." *Strike 3 Holdings*, 331 F.R.D. at 19. However, any assessment of plaintiff's method for identifying copyright infringers would be premature at this stage of the case. "Such

an argument addresses [d]efendant's ultimate liability, not the appropriateness of the subpoena, and is therefore not applicable when deciding a motion to quash [or a motion to serve a pre-discovery subpoena]." *Strike 3 Holdings*, 2019 WL 1529339, at *4 (citations omitted). Indeed, "it is not so 'clear that discovery would not uncover the identity' of the purported infringer [such] that Strike 3's subpoena should be disallowed as futile." *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-723 (JCS), 2019 WL 2996428, at *3 (N.D. Cal. July 9, 2019).

Finally, in rejecting Strike 3's argument that it would be unable to enforce its copyrights without the expedited discovery, the Eastern District court suggested that such a dilemma was a congressional problem, not one for the courts. *See Strike 3 Holdings*, 331 F.R.D. at 20 ("The enforcement problem that peer-to-peer file sharing technology creates for copyright owners is one that Congress could choose to remedy at any time . . . ."). Certainly, "[t]he fact that Congress has not acted does not mean that courts should take it upon themselves to provide more effective enforcement mechanisms to potential plaintiffs." *Id*. But it also does not mean that courts should cut off potential plaintiffs from those enforcement mechanisms that currently exist.

For these reasons, while respecting the concerns raised therein, I decline to follow the Eastern District decision. Rather, I will continue to apply the standard articulated in *Arista*, which has been consistently followed by courts (both within and outside this circuit) in determining whether to grant similar motions for expedited discovery.

6

## B.   Analysis

In this case, all of the "principal factors" weigh in favor of granting Strike 3's motion.  First, Strike 3 has made out a *prima facie* showing of infringement.  "To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Urbont v. Sony Music Entertainment*, 831 F.3d 80, 88 (2d Cir. 2016).  In its complaint, Strike 3 adequately describes its original, copyrighted works and provides a detailed analysis of how defendant copied those works along with the exact date and time of the alleged infringement.  Comp. ¶¶ 24–29, 31–37; *see also* Ex. A, Dkt. No. 1-1.

Second, Strike 3 has limited its scope of discovery to the name and address of defendant, which previous courts in similar cases involving the same plaintiff have found "is a limited and highly specific set of facts." *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-5586 (LAK) (KNF), 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018). The Court is mindful that the court in the District of the District of Columbia recently concluded that the "geolocation technology" that Strike 3 uses to identify alleged infringers' IP addresses is too imprecise to identify the particular individual who downloaded or distributed the content in question. *See Strike 3 Holdings*, 351 F. Supp. 3d at 162.[2]  As a result, that court concluded that "Strike 3's request lacks

---

[2] This case is currently on appeal, and the Court is unaware of any court that has followed its reasoning to deny a motion for early discovery.  Several other courts have considered the case, and most have declined to follow it.  *See, e.g., Strike 3 Holdings*, 2019 WL 3859514, at *2; *Strike 3 Holdings, LLC*, 2019 WL 2996428, at *2; *Strike 3 Holdings*, 2019 WL 1529339, at *3; *Strike 3 Holdings, LLC v. Doe*

the type of specificity the Second Circuit's test requires: that the request will identify a copyright infringer who can be sued." *Id.* at 164.  However, "[m]ore specific information about [d]efendant, other than the requested identifying information, is not necessary at this stage of the litigation." *Strike 3 Holdings*, 2019 WL 1529339, at *3.  "[T]he subpoenaed information is only needed to advance Plaintiff *to* the service of process stage, and is sufficiently specific to accomplish that end." *Id.* (emphasis in original).

Third, Strike 3 has contended that a third-party subpoena is the only method by which it can ascertain defendant's identity.  Memo at 8–9.  It notes that "BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address." *Id.* (quoting *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012)).  It further maintains that "[t]he only entity that can correlate the IP address to its subscriber and identify [d]efendant as the person assigned the IP address is defendant's ISP."  Mem. at 8.  Strike 3 has thus established that it can only obtain defendant's information through a subpoena of his (or her) ISP.

Fourth, Strike 3 has adequately argued that without the requested subpoena, it will be unable to serve defendant and thus unable to pursue further litigation.  Strike 3 also maintains that expedited discovery is necessary as some ISP records may be stored only briefly before being purged.  Memo at 2, n. 3.

---

*Subscriber Assigned IP Address 68.82.141.39*, 370 F. Supp. 3d 478, 481 (E.D. Pa. 2019).

Finally, while identification as a defendant in a case such as this one, which involves the viewing and dissemination of adult movies, may cause embarrassment, "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media, LLC v. John Does 1-11,* No. 12-CV-3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013) (citing *Arista,* 604 F.3d at 118). Although "a protective order [which] could allow defendant to anonymously challenge the subpoena[. . .] hardly seem[ed] fair" to the court in the District of Columbia, *Strike 3 Holdings*, 351 F. Supp. 3d at 165, I am of the view that it is the only way to fairly balance Strike 3's need for discovery against the potentially non-infringing defendant's right to anonymity.

### III.   CONCLUSION

For the foregoing reasons, plaintiff's motion is granted.  Consistent with the practice in this District, the Court will also issue a protective order in connection with the subpoena, "in light of the substantial risk for false positive identifications that could result in 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Strike 3 Holdings*, 2019 WL 340712, at *3 (quoting Rule 26(c)(1)).

Accordingly, IT IS HEREBY ORDERED that:

1) Strike 3 may serve a Rule 45 subpoena immediately on Verizon, the ISP identified in its motion, to obtain the name and current and/or permanent address of the John Doe subscriber associated with the IP address 71.190.236.109.  Strike 3 shall not request any additional information, including, but not limited to, email

address or telephone number.  Strike 3 shall include a copy of this Memorandum Order with the subpoena along with the attached "Notice to Defendant";[3]

2)  Verizon will have 60 days from the date of service of the subpoena to serve John Doe with a copy of the subpoena, a copy of this Memorandum Order, and a copy of the "Notice to Defendant."  Verizon may serve John Doe using any reasonable means, including written notice sent to his (or her) last known address, transmitted either by first-class mail or via overnight service;

3)  John Doe shall have 60 days from the date of service of the subpoena to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  If he (or she) decides to contest the subpoena, he (or she) shall at the same time notify Verizon so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motions;

4)  Verizon shall not turn over John Doe's identifying information to Strike 3 before the expiration of this 60-day period or before the date the Court rules on any motions, whichever is later.  Verizon shall preserve any subpoenaed information pending the resolution of any motion to quash that is filed timely;

5)  If neither John Doe nor Verizon contests the subpoena within the 60-day period, Verizon shall have 10 days to produce the information responsive to the subpoena to Strike 3; and

---

[3] The Court has adopted the "Notice to Defendant" used in *Strike 3 Holdings*, 2019 WL 340712, at *4–5, as it provides clear and concise instructions to Verizon and the John Doe defendant in a case with the same underlying facts.

6)  Any information disclosed to Strike 3 in response to the subpoena may be used by Strike 3 solely to protect its rights as set forth in its complaint.

The Clerk is respectfully directed to close Docket Number 9 and mark it as granted.

**SO ORDERED.**

Dated: October 9, 2019
        New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

11

## NOTICE TO DEFENDANT

1. You are a defendant in *Strike 3 Holdings, LLC. v. John Doe, subscriber assigned IP address 71.190.236.109*, 19-CV-5818 (AT) (JLC), a case now pending before the Honorable Analisa Torres, United States District Judge for the Southern District of New York, and the Honorable James L. Cott, United States Magistrate Judge for the Southern District of New York.

2. Attached is Judge Cott's Order dated October 9, 2019, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3. You should also inform your ISP that you intend to contest the subpoena so that it does not release your information to the plaintiff.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will

not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it.  The Court must have this information so that it may communicate with you regarding the case.

9.  Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case.  If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.

13